UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREW S. DODGE and
DANELLE L. DODGE,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　Case No.: 6:22-cv-00221-WWB-DCI

LAUREL M. LEE, Florida Secretary of State, ASHLEY MOODY, Florida Attorney General, and LORI SCOTT Supervisor of Elections, Brevard County,

    Defendants.
_____/

## DEFENDANT ASHLEY MOODY FLORIDA ATTORNEY GENERAL'S MOTION TO DISMISS THE COMPLAINT

Defendant, Ashley Moody, Florida Attorney General ("Attorney General") hereby moves this Court, pursuant to Fed. R. Civ. P. 8(a)(2), 10(b), 12(b)(1), 12(b)(6), and Loc. R. 3.01, to enter an order granting this motion to dismiss ("Motion to Dismiss") and dismissing the Complaint [ECF No. 1] ("Complaint") of Plaintiffs Andrew S. Dodge and Danelle L. Dodge ("Plaintiffs") or dropping her with prejudice from this action, and states:

### BACKGROUND

On February 4, 2022, Plaintiffs, *pro se*, sued the Attorney General and others bringing a constitutional challenge to required candidate oaths for (1) partisan and

(2) non-partisan candidates for public office. [ECF No. 1.] Plaintiffs seek preliminary and permanent injunctive relief against enforcement of each party, nonparty, or write-in candidate for federal office completing an oath of party, nonparty, or write-in status over the 365-day period before the beginning of qualifying preceding the general election for that office as a condition precedent to qualify for nomination or election. [ECF No. 1, § V at 7.] This condition precedent to run for public office is set forth in section SB90, Laws of Florida ch. 2021-11, section 12, that includes section 99.021(2), Florida Statutes, that became effective May 6, 2021 ("Candidate Oaths Amendment"). [ECF No. 1.] Plaintiffs allege the Candidate Oaths Amendment effectively bars them from the right to run for office since they changed or will change affiliations within the 365-day period. [ECF No. 1, at 5.] Plaintiffs contend this condition precedent to qualify curtails their freedom of speech under the First Amendment, presents a Hobson's choice between not running or committing perjury, chills votes and funding, and imposes more strict qualifications than set forth by Art. I, section 2, U.S. Const. [ECF No. 1, at 3, 5, 6.] Also, Plaintiffs request the Court strike down the allegedly unconstitutional Candidate Oaths Amendment or remove all party designations from all elections when voting and from elected offices and require each candidate to follow the same signature guidelines without any option of pay to bypass. [ECF No. 1, § V at 7.]

2

It is irrelevant that Plaintiffs became aware of the Candidate Oaths Amendment when they downloaded the forms. [ECF No. 1, § IIIB. at 5.] All Florida citizens are on notice of all Florida laws and the consequences thereof. State v. Beasley, 580 So. 2d 139, 142 (Fla. 1991) ("[P]ublication in … the Florida Statutes gives all citizens constructive notice of the consequences of their actions.") (citations omitted); *see also* Buscher v. Mangan, 59 So. 2d 745, 748 (Fla. 1952) ("Ignorance of the law is not a valid defense, because everyone is charged with knowledge of the law."). Ignorance of the law is no excuse. Davis v. Strople, 158 Fla. 614, 621, 29 So. 2d 364, 367 (1947).

Other than naming the Attorney General in the case style and as Defendant No. 2, Plaintiffs' Complaint makes no mention of the Attorney General. [ECF No. 1, at 1; § IB. at 2.]

Plaintiffs lack standing to raise and do not state any claims against the Attorney General. The Attorney General is entitled to sovereign immunity from this suit and any amendment would be futile. The Court should dismiss the Complaint, i.e., this entire action, or drop the Attorney General from this suit with prejudice.

## ARGUMENT

**Standard of Review** – A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its

3

face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

> [W]hen considering a motion to dismiss, courts: "(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." []  Allegations entitled to no assumption of truth include "[l]egal conclusions without adequate factual support" or "[f]ormulaic recitations of the elements of a claim."

Lenbro Holding Inc. v. Falic, 503 F. App'x 906, 909 (11th Cir. 2013) (citing Iqbal, 556 U.S. at 677, 678) (citations omitted). "[D]etailed factual allegations" are not required, but a plaintiff must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citations omitted). Labels, conclusions, formulaic recitations of the elements of a cause of action, and naked assertions devoid of factual enhancement are legally insufficient to state any claim. Id. "To survive dismissal, 'the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Twombly, 550 U.S. at 555–56). In evaluating a complaint under this standard, the court must accept all well-pleaded factual allegations as true and construe them in

4

the light most favorable to the plaintiff. Ironworkers Loc. Union 68 v. AstraZeneca Pharms., LP, 634 F.3d 1352, 1359 (11th Cir. 2011). "Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue precluding relief." Camm v. Scott, 834 F. Supp. 2d 1342, 1346 (M.D. Fla. 2011) (citing Neitzke v. Williams, 490 U.S. 319, 326 (1989) (citation omitted)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679 (citation omitted).

*Pro Se* **appearance.**  Plaintiffs bring this action appearing *pro se*. "*Pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by attorneys[, … h]owever, this leniency does not allow courts to serve as *de facto* counsel ['for a party,'] or to rewrite *pro se* pleadings ['in order to sustain an action']." Romine v. Athens Clarke Cnty., Ga., 774 F. App'x 620, 621 (11th Cir. 2019) (citing Campbell v. Air Jam. Ltd., 760 F.3d 1165, 1168-69 (11th Cir.) (emphasis in the original), *cert. denied*, 574 U.S. 1047 (2014). *Pro se* litigants must comply with procedural rules and allege the essential elements of their claims for relief. *See* Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002), *cert. denied*, 538 U.S. 930, 1057 (2003); Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995).

**Article III Jurisdiction.**  "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction [] and the burden of

establishing the contrary rests upon the party asserting jurisdiction []." Id. (citations omitted).  Article III of the Constitution limits the jurisdiction of federal courts to adjudicate only actual, ongoing cases or controversies in which a concrete dispute exists. U.S. Const. art. III, § 2; Lewis v. Cont'l Bk. Corp., 494 U.S. 472, 477 (1990) (citing Deakins v. Monaghan, 484 U.S. 193, 199 (1988)); Hallandale Pro. Fire Fighters Loc. 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991).  The case or controversy requirement must be satisfied at every stage of the judicial proceedings. Lewis, 494 U.S. at 477; ACLU v. Fla. Bar, 999 F.2d 1486, 1490 (11th Cir. 1993).  This case or controversy requirement is comprised of: (1) standing; (2) ripeness; and (3) mootness. Christian Coal. of Fla., Inc. v. U.S., 662 F.3d 1182, 1189 (11th Cir. 2011).  "The Article III standing requirement, 'which is built on separation of powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches.'" Moore v. Bryant, 205 F. Supp. 3d 834, 850 (S.D. Miss. 2016), *aff'd*, 853 F.3d 245 (5th Cir. 2017).  If jurisdiction is lacking, the case must be dismissed. Fed. R. Civ. P. 12(h)(3).

**Plaintiffs lack standing.**  Plaintiffs lack standing to sue the Attorney General. Standing is a threshold jurisdictional question that must be addressed sua sponte if not raised by the parties. Jones v. Comm'r Ga. Dep't of Corrs., 811 F.3d 1288, 1295 (11th Cir. 2016); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.");

Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005).  Because standing to sue implicates jurisdiction, a court must satisfy itself that the plaintiff has standing before proceeding to consider and independent of the merits of his or her claim. Lewis v. Governor of Ala., 944 F.3d 1287, 1296 (11th Cir. 2019) (en banc).  Standing addresses whether a particular plaintiff has the requisite stake in the litigation to invoke the federal "judicial Power". U.S. Const. art. III, § 2.  To show standing, Plaintiffs must allege three elements: (1) an injury in fact, an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between plaintiff's alleged injury and the challenged action of the defendant; and (3) a likelihood, not merely speculation, that a favorable judgment will redress the injury. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992); Jacobson v. Fla. Sec'y of St., 957 F.3d 1193, 1201 (11th Cir.), *opinion vacated and superseded*, 974 F.3d 1236, 1245 (11th Cir. 2020).  A "party invoking federal jurisdiction bears the burden" of establishing that he [or she] has standing to sue. Lujan, 504 U.S. at 561.  "Because standing is a jurisdictional issue, the Court may act on its own motion and it must dismiss where subject matter jurisdiction is lacking." Moore, 205 F. Supp. 3d at 850.  Plaintiffs failed to allege and cannot show that the Attorney General caused their injuries, that any threatened injuries are certainly impending, or that the Attorney General has the power to redress them.

Thus, prior to invoking the jurisdiction of a federal court, Plaintiffs "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis, 494 U.S. at 477 (citation omitted); Valley Forge Christian Coll. v. Ams. United for Separation of Church & St., Inc., 454 U.S. 464, 471–73 (1982). "Article III standing must be determined as of the time at which the plaintiff's complaint is filed." Focus on the Fam. v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1275 (11th Cir. 2003) (listing cases). Plaintiffs have not alleged and cannot show that their alleged injuries are traceable to the Attorney General. *See* Support Working Animals, Inc. v. Governor of Fla., 8 F.4th 1198, 1200 (11th Cir. 2021) (holding that plaintiffs failed to show that any harm they suffered was traceable to the Attorney General because, although the plaintiffs could face future criminal penalties, they did not presently face any penalties as a result of the Attorney General's actions). *Cf*. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989) (explaining that parties may "remedy inadequate jurisdictional allegations, but not defective jurisdictional facts"). Plaintiffs failed to allege the Attorney General caused any particularized injury traceable to them concerning the Candidate Oaths Amendment.

"If relief is sought against an official who cannot remedy the plaintiff[s'] alleged injury, there is no 'case or controversy between [themselves] and the defendant within the meaning of Art[icle] III.'" Gallardo by & through Vassallo v.

Senior, 2017 WL 3081816, at *6 (N.D. Fla. July 18, 2017), *reversed and remanded*, 963 F.3d 1167 (11th Cir. 2020) (quoting Scott v. Taylor, 405 F.3d 1251, 1259 (11th Cir. 2005) (Jordan, J., concurring)); *see* Lewis, 944 F.3d at 1301 (holding that plaintiffs challenging state statute lacked standing to sue Alabama's Attorney General, who had "no enforcement role" as to challenged statute); Socialist Workers Party v. Leahy, 145 F.3d 1240, 1248 (11th Cir. 1998) (dismissing, for lack of standing, supervisors of elections who had "no . . . source of power" to enforce provision at issue). Plaintiffs failed to allege the Attorney General has the power to redress any actual or threatened certainly impending injury. An injunction against the Attorney General would do nothing to redress the harm Plaintiffs allege. *See* Support Working Animals, Inc., 8 F.4th at 1204-06 (holding that the plaintiffs failed to show that any harm they suffered was redressable by a judgment against the Attorney General). Thus, Plaintiffs have failed to allege any actual, justiciable case or controversy between adverse parties based on articulated facts that demonstrate a real threat of immediate injury that needs to be resolved by the Court. Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298-99 (1979).

Plaintiffs have not asserted and cannot assert any facts against the Attorney General that can meet the requirements of standing. Plaintiffs must establish (1) they were injured (2) by the actions of the Attorney General (3) because she can enforce the Candidate Oaths Amendment against them and has either done so or

9

threatened to do so. Plaintiffs do not state a legal issue or allege an actual or threatened certainly impending injury traceable to them caused or threatened by the Attorney General concerning the Candidate Oaths Amendment. Instead, they challenge what is essentially a nonjusticiable political question in Florida and make only generalized grievances. The Attorney General is the wrong party since she is not responsible for the challenged action and is not alleged to and does not have some connection to the allegedly unconstitutional Candidate Oaths Amendment at issue. Luckey v. Harris, 860 F.2d 1012, 1015–16 (11th Cir. 1988). When the constitutionality of a law is being challenged, the necessary party defendant is the public agency or official charged with enforcing it. *See generally*, Diamond v. Charles, 476 U.S. 54, 64 (1986); ACLU, 999 F.2d at 1490. Plaintiffs fail to establish Article III harm traceable from or redressable by the Attorney General. Therefore, Plaintiffs lack standing to sue and this Court lacks jurisdiction to consider their attempted claims to pursue injunctive relief against the Attorney General. Accordingly, the Court should not issue an advisory opinion beyond its power but should dismiss or drop the Attorney General from the case with prejudice for lack of standing.

**Failure to State a Claim.** Plaintiffs' claims about the Candidate Oaths Amendment are legally insufficient to and do not state any viable claim against the Attorney General and should be dismissed. They fail to allege which particular facts

10

support any request for injunctive relief against the Attorney General. To the extent the Complaint is a shotgun pleading precluding fair notice sufficient to respond it should be dismissed. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313 (11th Cir. 2015). Plaintiffs' Complaint does not contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face against the Attorney General. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Plaintiffs allege no involvement of the Attorney General in any constitutional deprivation. Assuming the truth of the allegations, construing them in the light most favorable to the Plaintiffs, no facts pled allow the Court to draw any reasonable inference that the Attorney General is liable for any asserted or threatened constitutional deprivation. No claim attempted by Plaintiffs against the Attorney General has facial plausibility. Since no plausible claim is stated against the Attorney General, the Complaint does not survive this Motion to Dismiss and should be dismissed or the Attorney General dropped with prejudice for failure to state a claim upon which relief can be granted.

**No Injunctive Relief.** Plaintiffs have brought this action *pro se* seeking injunctive relief against enforcement of the Candidate Oaths Amendment presumably against the Attorney General. Elements are not pled, Plaintiffs are not entitled to injunctive relief. Such relief is a matter of equity and Plaintiffs seek relief in equity without having alleged their clean hands. "[I]njunctive remedies are equitable in nature, and other equitable defenses may be interposed." Abbott Lab'ys v. Gardner, 387 U.S. 136, 155

11

(1967), *abrogated on other grounds by* Califano v. Sanders, 430 U.S. 99 (1977).  An injunction directed to the Attorney General would do nothing to prevent any harm Plaintiffs allege.  Thus, as against the Attorney General, this Court should deny any request by the Plaintiffs for injunctive relief against the Attorney General.

**Sovereign immunity.** The Attorney General is an improper defendant entitled to sovereign immunity from this suit. The Eleventh Amendment prohibits suit against a state in federal court. Pennhurst St. Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984); Ala. v. Pugh, 438 U.S. 781, 782 (1978); Ky. v. Graham, 473 U.S. 159, 167 n.14 (1985); Seminole Tribe of Fla. v. Fla., 517 U.S. 44 (1996); Schopler v. Bliss, 903 F.2d 1373, 1379 n.4 (11th Cir. 1990); § 768.28(19), Fla. Stat.  "This express constitutional limitation denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent." Ford Motor Co. v. Dep't of Treasury of St. of Ind., 323 U.S. 459, 464 (1945) (citations omitted), *overruled on other grounds by*, Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613 (2002).  Eleventh Amendment immunity extends to lawsuits against state officials acting in their official capacities. Seminole Tribe of Fla., 517 U.S. 44.  The Attorney General is a state official acting in an official capacity.  The Eleventh Amendment bars suit regardless of the relief sought. P. R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 146 (1993).  Thus, the nature of the injunctive relief sought by Plaintiffs against the Attorney General "is irrelevant to the question

12

whether the suit is barred by the Eleventh Amendment." Seminole Tribe of Fla., 517 U.S. at 58; Pennhurst St. Sch. & Hosp., 465 U.S. at 100. And because Plaintiffs sue for injunctive relief against the Candidate Oaths Amendment, they do not evade Eleventh Amendment immunity, thus claims against the Attorney General must be dismissed.

Absent consent, waiver, or abrogation, which are not present in this case, the Eleventh Amendment bars suit in federal court against a state. Hans v. La., 134 U.S. 1 (1890); Ford Motor Co., 323 U.S. 459. "'The immunity of the State of Florida and its agencies from liability for claims arising under Florida law or common law is absolute absent a clear, specific, and unequivocal waiver by legislative enactment.' [St., Dep't of Elder Affs.] v. Caldwell, 199 So. 3d 1107, 1109 (Fla. 1st DCA 2016)." There is no abrogation of waiver of Eleventh Amendment immunity. The Attorney General does not consent to this suit. A lawsuit against a state official is a suit against the State of Florida for Eleventh Amendment purposes and is barred as a matter of law. Will v. Mich. Dep't of St. Police, 491 U.S. 58, 71 (1989). Plaintiffs must allege (but have not) an affirmative causal connection between the defendants' complained of conduct and the alleged constitutional deprivation. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003); Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty., Fla., 956 F.2d 1112, 1124 (11th Cir.), cert. denied, 506 U.S. 832 (1992). Sovereign immunity is the rule not the exception. City of Orlando v. W. Orange Country Club, Inc., 9 So. 3d 1268, 1272 (Fla. 5th DCA 2009). Plaintiffs sue the Attorney General

in her official capacity, and in essence, the claims against the Attorney General are claims against the State of Florida precluded by the Eleventh Amendment. Ying Jing Gan v. City of N.Y., 996 F.2d 522, 529 (2d Cir. 1993); Will, 491 U.S. at 64. Consequently, this Court lacks subject matter jurisdiction and should dismiss the Complaint and this entire action or drop the Attorney General with prejudice.

**Dismiss with Prejudice – Amendment Futile.** The claims Plaintiffs have attempted to assert concerning the Candidate Oaths Amendment cannot be amended to state a viable claim against the Attorney General. Any amendment of the Complaint by Plaintiffs as to the Attorney General would be futile. Therefore, the Court should dismiss the Complaint and this entire action or drop the Attorney General with prejudice. *See* Hollis v. W. Acad. Charter, Inc., 782 F. App'x 951, 955-56, 958-59 (11th Cir. 2019); *see also* Henry v. Fernandez-Rundle, 773 F. App'x 596, 598 n.3 (11th Cir. 2019) ("A district court may dismiss a complaint without first granting leave to amend if it finds that any such amendment would be futile."); Ladies Mem'l Ass'n, Inc. v. City of Pensacola, Fla., 2020 WL 5237742 at *8 (N.D. Fla. Sept. 2, 2020).

Based on the foregoing, this Court should grant this Motion to Dismiss and dismiss the Complaint, i.e., this entire action or drop the Attorney General with prejudice.

WHEREFORE, the Attorney General respectfully requests the Court render an order granting this Motion to Dismiss and dismissing the Complaint and this entire action or dropping her with prejudice and awarding such further relief the Court deems mete and just.

### Local Rule 3.01(g) Certification

I hereby certify that movant has conferred with the opposing parties on February 23, and 24, 2022, in a good faith effort to resolve this Motion to Dismiss by agreement; the parties disagree on resolution of this Motion to Dismiss. The parties conferred via exchange of emails. Further, this confirms Defendant Secretary of State, Laurel M. Lee does not object to the filing of this Motion to Dismiss. Finally, this confirms that Defendant Lori Scott, Supervisor of Elections, Brevard County, Florida, does not object to the filing of this Motion to Dismiss.

Respectfully Submitted,
**ASHLEY MOODY**
**ATTORNEY GENERAL**

*/s/ Charles J. F. Schreiber, Jr.*
Charles J. F. Schreiber, Jr.
Senior Assistant Attorney General
Fla. Bar No.: 0843075
charles.schreiber@myfloridalegal.com

Office of the Attorney General
State Programs Litigation Bureau
The Capitol PL-01
Tallahassee, Florida 32399-1050
Telephone:    (850) 414-3300
Telefacsimile: (850) 488-4872

Attorney for the Defendant
Ashley Moody, Florida Attorney General

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy hereof has been furnished on this 24th day of February 2022, via the CM/ECF System, U.S. Mail, and e-mail (as applicable), to:

Andrew S. & Danelle L. Dodge
395 Harbor Drive
Cape Canaveral, Florida 32920-2010
dodgea@totalrecallinc.com
Plaintiffs, *pro se*

Deborah L. Moskowitz
Quintairos Prieto Wood & Boyer P.A.
255 South Orange Avenue, Floor 9
Orlando, Florida 32801-3445
dmoskowitz@qpwblaw.com
Attorneys for Defendant
Lori Scott, Supervisor of Elections
Brevard County, Florida

Ashley E. Davis
Deputy General Counsel
Florida Department of State
R.A. Gray Building
500 South Bronough Street, Suite 100
Tallahassee, Florida 32399-0250
ashley.davis@dos.myflorida.com
stephanie.buse@dos.myflorida.com
Attorneys for Defendant
Secretary of State, Laurel M. Lee

      */s/ Charles J. F. Schreiber, Jr.*
      Attorney