## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ANDREW S. DODGE and
DANELLE L. DODGE,

       Plaintiffs,

v.                               CASE NO.: 6:22-cv-00221-WWB-DCI

LAUREL M. LEE, in her official capacity
as Florida Secretary of State, ASHLEY
MOODY, in her official capacity as
Attorney General, and LORI SCOTT, in
her Official capacity as Supervisor of
Elections for Brevard County, Florida,

       Defendants.

_____/

## DEFENDANT, LORI SCOTT'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, the Defendant, LORI SCOTT, in her official capacity as Supervisor of Elections for Brevard County ("Defendant" or "Supervisor of Elections"), through the undersigned counsel, and pursuant to Fed. R. Civ. P. 8(a)(2), 10(b), 12(b)(1), 12(b)(6), and Loc. R. 3.01, hereby files her Motion to Dismiss and Incorporated Memorandum of Law, and in support thereof states as follows:

## BACKGROUND

1. On February 4, 2022, Plaintiffs, *pro se,* preemptively filed their Complaint [DE 1] against Defendants bringing a constitutional challenge to required candidate oaths for (1) partisan and (2) non-partisan candidates for public office.

2. Plaintiffs seek preliminary and permanent injunctive relief against enforcement of each party, nonparty, or write-in candidate for federal office completing an oath of party, nonparty, or write-in status over the 365-day period before the beginning of qualifying preceding the general election for that office as a condition precedent to qualify for nomination or election. [DE 1, § V at 7].

3. This condition precedent to run for public office is set forth in Section SB90, Laws of Florida Ch. 2021-11, Section 12, which includes § 99.021(1), Fla. Stat., which went into effect on May 6, 2021 ("Candidate Oaths Amendment").

4. Plaintiffs allege the Candidate Oaths Amendment effectively bars them from the right to run for office since they changed or will change affiliations within the 365-day period. [DE 1, at 5].

5. Plaintiff, Danelle Dodge, ("Mrs. Dodge") states she is currently affiliated with the Democratic party but believes her current values are more aligned as an independent.

6. Mrs. Dodge would like to run for political office (although which office is not specified) as an independent.

7. Plaintiffs further contend this condition precedent to qualify curtails their freedom of speech under the First Amendment, requires them to either not run or commit perjury, chills votes and funding, and imposes more strict qualifications than set forth by Art. I, Section 2, U.S. Const. [DE 1, at 3, 6, 6].

8. Finally, Plaintiffs also plead the Court to strike down the allegedly unconstitutional Candidate Oaths Amendment or remove all party designations from all elections when voting and from elected offices and require each candidate to follow the same signature guidelines without any option of pay to bypass. [DE 1, § V at 7].

9. Plaintiffs admit they only became aware of this portion of the law on January 7, 2022, upon downloading the necessary forms to run for candidacy. [DE 1, § IIIB. at 5].

10. However, this admission is irrelevant as all Florida citizens are on notice of all Florida laws and the consequences thereof. State v. Beasley, 580 So. 2d 139, 142 (Fla. 1991) ("[P]ublication in…the Florida Statutes gives all citizens constructive notice of the consequences of their actions.")(citations omitted); see also Buscher v. Mangan, 59 So. 2d 745. 748 (Fla. 1952) ("Ignorance of the law is not a valid defense, because everyone is charged with knowledge of

the law."). Ignorance of the law is no excuse. <u>Davis v. Strople</u>, 158 Fla. 614,

621, 29 So. 2d 364, 367 (1947).

11. The only damages set out in Plaintiffs' Complaint is in Plaintiffs' assertion

that Fla. Stat. § 99.021 "chills possible voters and funding…receive[d] if

voters and donors believe [Plaintiffs] will not be on the ballot due to this

state law."

12. Plaintiffs lack standing to raise claims against Defendant as Plaintiffs have

not suffered actual injury.

13. As such, for the reasons more fully articulated below, Defendant requests

this Court dismiss this case with prejudice.

## <u>MEMORANDUM OF LAW</u>

### I.    **Standard of Review**

A pleading must contain a "short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   A plaintiff must

articulate "enough facts to state a claim to relief that is plausible on its face." <u>Bell</u>

<u>Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for misconduct alleged." <u>Ashcroft</u>

<u>v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation omitted).

[W]hen considering a motion to dismiss, courts: (1) eliminate any
allegations in the complaint that are merely legal conclusions; and (2)

where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." [] Allegations entitled to no assumption of truth include "[l]egal conclusions without adequate factual support" or "[f]ormulaic recitations of the elements of a claim.

Lenbro Holding Inc. v. Falic, 503 F. App'x 906, 909 (11th Cir. 2013) (citing Iqbal, 556 U.S. at 677, 678) (citations omitted). "[D]etailed factual allegations" are not required, but a plaintiff must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citations omitted). In evaluating a complaint under this standard, the court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Ironworkers Loc. Union 68 v. AstraZeneca Pharms., LP, 634 F.3d 1352, 1359 (11th Cir. 2011). "Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue precluding relief." Camm v. Scott, 834 F. Supp. 2d 1342, 1346 (M.D. Fla. 2011) (citing Neitzke v. Williams, 490 U.S. 319, 326 (1989) (citation omitted)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679 (citation omitted).

**Pro Se Appearance**

Plaintiffs bring this action appearing pro se. "Pro se pleadings are liberally construed and held to less stringent standards than pleadings drafted by attorneys[, … h]owever, this leniency does not allow courts to serve as de facto

counsel ['for a party,'] or to rewrite pro se pleadings ['in order to sustain an action']." Romine v. Athens Clarke Cnty., Ga., 774 F. App'x 620, 621 (11th Cir. 2019) (citing Campbell v. Air Jam. Ltd., 760 F.3d 1165, 1168-69 (11th Cir.) (emphasis in the original), *cert. denied*, 574 U.S. 1047 (2014). Pro se litigants must comply with procedural rules and allege the essential elements of their claims for relief. See Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002), *cert. denied*, 538 U.S. 930, 1057 (2003); Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995).

## II.   Article III Jurisdiction

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction [] and the burden of establishing the contrary rests upon the party asserting jurisdiction []." Id. (citations omitted). Article III of the Constitution limits the jurisdiction of federal courts to adjudicate only actual, ongoing cases or controversies in which a concrete dispute exists. U.S. Const. art. III, § 2; Lewis v. Cont'l Bk. Corp., 494 U.S. 472, 477 (1990) (citing Deakins v. Monaghan, 484 U.S. 193, 199 (1988)); Hallandale Pro. Fire Fighters Loc. 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991). The case or controversy requirement must be satisfied at every stage of the judicial proceedings. Lewis, 494 U.S. at 477; ACLU v. Fla. Bar, 999 F.2d 1486, 1490 (11th Cir. 1993). This case or controversy requirement is comprised of: (1) standing; (2) ripeness; and (3)

mootness. <u>Christian Coal. of Fla., Inc. v. U.S.</u>, 662 F.3d 1182, 1189 (11th Cir. 2011). "The Article III standing requirement, 'which is built on separation of powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches.'" <u>Moore v. Bryant</u>, 205 F. Supp. 3d 834, 850 (S.D. Miss. 2016), *aff'd*, 853 F.3d 245 (5th Cir. 2017). If jurisdiction is lacking, the case must be dismissed. Fed. R. Civ. P. 12(h)(3).

> **a. Plaintiffs lack standing to bring this action against the Supervisor of Elections as they do not plead (1) an injury in fact (actual or imminent), (2) a causal connection between Plaintiffs' alleged injury and the challenged potential action of Defendant, and (3) a likelihood that a favorable judgment will redress their alleged injury.**

Standing is a threshold jurisdictional question that must be addressed *sua sponte* if not raised by the parties. <u>Jones v. Comm'r Ga. Dep't of Corrs.</u>, 811 F.3d 1288, 1295 (11th Cir. 2016); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); <u>Bochese v. Town of Ponce Inlet</u>, 405 F.3d 964, 974 (11th Cir. 2005). Because standing to sue implicates jurisdiction, a court must satisfy itself that the plaintiff has standing before proceeding to consider and independent of the merits of his or her claim. <u>Lewis v. Governor of Ala.</u>, 944 F.3d 1287, 1296 (11th Cir. 2019)

(en banc). Standing addresses whether a particular plaintiff has the requisite stake in the litigation to invoke the federal "Judicial Power". U.S. Const. art. III, § 2.

To show standing, Plaintiffs must allege three elements: (1) an injury in fact, an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between plaintiff's alleged injury and the challenged action of the defendant; and (3) a likelihood, not merely speculation, that a favorable judgment will redress the injury. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992); Jacobson v. Fla. Sec'y of St., 957 F.3d 1193, 1201 (11th Cir.), *opinion vacated and superseded*, 974 F.3d 1236, 1245 (11th Cir. 2020). A "party invoking federal jurisdiction bears the burden" of establishing that he [or she] has standing to sue. Lujan, 504 U.S. at 561. "Because standing is a jurisdictional issue, the Court may act on its own motion and it must dismiss where subject matter jurisdiction is lacking." Moore, 205 F. Supp. 3d at 850.

**(1) Plaintiffs fail to allege and cannot show that they have suffered an injury in fact that is concrete and particularized, nor that any threatened injuries are actual or imminent, and not conjectural or hypothetical.**

Prior to invoking the jurisdiction of a federal court, Plaintiffs "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision." Lewis, 494 U.S. at 477 (citation

omitted); <u>Valley Forge Christina Coll. V. Ams. United separation of Church & St., Inc.</u>, 454 U.S. 464, 471-73 (1982). "Article III standing must be determined as of the time at which the plaintiff complaint is filed." <u>Focus on the Fam. V. Pinellas Suncoast Transit Auth.</u>, 344 F.3d 1263, 1275 (11th Cir. 2003) (listing cases).

Plaintiffs fail to show any injury in fact that is concrete and particularized concerning the Candidate Oaths Amendment nor that the any alleged impending injury is actual or imminent. The only allegations regarding injury in Plaintiffs' Complaint are conjectural and hypothetical. Plaintiffs allege the Candidate Oaths Amendment "chills *possible* voters and funding... *if* voters and donors *believe* [Plaintiffs] will not be on the ballot due to this state law," [DE 1]. Plaintiffs then go on to argue alleged irreparable harm stating an inability to run for office for another two years. Despite the conjectures alleged, Plaintiff, Danelle L. Dodge, is in fact eligible to run for office as a Democrat as she has been a registered Democrat for over 365 days. Plaintiff, Danelle L. Dodge, merely states she has a preference to run as an independent but does not show if such party affiliation would in fact chill her followers from voting for her. Plaintiffs' challenges amount to nonjusticiable political questions and at most are general grievances.

As such, Plaintiffs fail to show they have suffered an injury in fact that is concrete and particularized, nor that any threatened injuries are actual or imminent, and not conjectural or hypothetical.

**(2) Plaintiffs fail to show a causal link between Plaintiffs' alleged injury and the challenged action of the Defendant.**

Plaintiffs have not propounded any indication that the Supervisor of Elections either threatened to enforce the Candidate Oaths Amendment nor given any indication that enforcement is likely. *See* <u>Support Working Animals, Inc. v. Governor of Fla.</u>, 8 F.4th 1198, 1203 (11th Cir. 2021). *Cf.* <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 832 (1989) (explaining that parties may "remedy inadequate jurisdictional allegations, but not defective jurisdictional facts").

Plaintiffs fail to allege the Supervisor of Elections caused any particularized injury traceable to them concerning the Candidate Oaths Amendment.

**(3) Plaintiffs fail to show the likelihood that a favorable judgment will redress the injury.**

"If relief is sought against an official who cannot remedy the plaintiff[s'] alleged injury, there is no 'case or controversy between [themselves] and the defendant within the meaning of Art[icle] III.'" <u>Gallardo by & through Vassallo v. Senior</u>, 2017 WL 3081816, at *6 (N.D. Fla. July 18, 2017), *reversed and remanded*, 963 F.3d 1167 (11th Cir. 2020) (quoting <u>Scott v. Taylor</u>, 405 F.3d 1251, 1259 (11th Cir. 2005) (Jordan, J., concurring)); <u>Socialist Workers Party v. Leahy</u>, 145 F.3d 1240, 1248 (11th Cir. 1998) (dismissing, for lack of standing, supervisors of elections who had "no . . . source of power" to enforce provision at issue).

Plaintiffs fail to allege the Supervisor of Elections can remedy Plaintiffs' alleged injuries. Plaintiffs argue hypothetical injuries and do not allege how the Supervisor of Elections could impede these hypothetical injuries. The Supervisor of Elections cannot guarantee Plaintiffs will have voters or donors at all. In fact, if Plaintiffs will speculate, Defendant speculates that these same hypothetical voters and donors could be weary of Plaintiffs switching their party affiliation and not vote until Plaintiffs have a more established affiliation to that party. An injunction from enforcing the Candidates Oath Amendment would not be able to guarantee to protect Plaintiffs from these generalized grievances.

Thus, Plaintiffs do not have standing to bring this action against the Supervisor of Elections as they have failed to establish (1) an injury in fact connected to the Candidate Oaths Amendment, (2) a causal link between their hypothetical injuries and alleged acts of the Supervisor of Elections, and (3) that any judgment in their favor would redress their alleged injuries.

### b. This case is not ripe.

The doctrines of standing and ripeness originate from the same Article III limitation, and, accordingly, they often merge together. U.S. Const. art. 3, § 2, cl. 1. *See* Support Working Animals, Inc. v. Governor of Fla., 8 F.4th 1198, 1202 (11th Cir. 2021) (citing Susan B. Anthony List v. Driehaus, 573 U.S. 149, 157 n.5 (2014)). Under "…the 'ripeness' doctrine…plaintiff's claim must not be "contingent [on] future

events that may not occur as anticipated, or indeed may not occur at all." <u>Support Working Animals, Inc. v. Governor of Fla.</u>, 8 F.4th 1198, 1202 (11th Cir. 2021) (citing <u>Thomas v. Union Carbide Agric. Prods. Co.</u>, 473 U.S. 568, 580–81, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985) (quotation marks omitted)).

Plaintiffs' alleged injuries rely fully on future events that may not occur as anticipated or at all. As such, this case lacks subject matter jurisdiction as it is not ripe since it fails to show a controversy warranting judicial intervention as required by Article III of the United States Constitution.

### III.   Failure to State a Claim

Plaintiffs' claims about the Candidate Oaths Amendment are legally insufficient to and do not state any viable claim against the Supervisor of Elections and should be dismissed. Plaintiffs fail to allege which particular facts support any request for injunctive relief against the Supervisor of Elections. To the extent the Complaint is a shotgun pleading precluding fair notice sufficient to respond it should be dismissed. <u>Weiland v. Palm Beach Cnty. Sheriff's Off.</u>, 792 F.3d 1313 (11th Cir. 2015). Plaintiffs' Complaint does not contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face against the Supervisor of Elections. <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570). Plaintiffs allege no involvement of the Supervisor of Elections in any constitutional deprivation. Assuming the truth of the allegations, construing them in the light

most favorable to the Plaintiffs, no facts pled allow the Court to draw any reasonable inference that the Supervisor of Elections is liable for any asserted or threatened constitutional deprivation. No claim attempted by Plaintiffs against the Supervisor of Elections has facial plausibility.

Since no plausible claim is stated against the Supervisor of Elections, the Complaint does not survive this Motion to Dismiss and should be dismissed or the Supervisor of Elections dropped with prejudice for failure to state a claim upon which relief can be granted.

**IV.    Even if Plaintiffs had Article III Standing, which they do not, the Candidates Oath Amendment is constitutional as it does not impose stricter qualifications than set forth by Art. I, Section 2, U.S. Const.**

Plaintiffs also argue that the Candidates Oath Amendment imposes stricter qualifications than those set forth by Art. I, Section 2, U.S. Const. citing U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779, 785–86, 115 S. Ct. 1842, 1846, 131 L. Ed. 2d 881 (1995) (holding that an Arizona State Constitution amendment that prohibited the name of an otherwise-eligible candidate for Congress from appearing on the general election ballot if that candidate had already served three terms…was unconstitutional because the States have no authority 'to change, add to, or diminish' the requirements for congressional service numerated in the Qualifications Clauses). However, Plaintiffs fail to fully understand U.S. Term

Limits, Inc. v. Thornton, and the distinctions set out by the court regarding the Qualifications Clause and the Elections Clause of the U.S. Constitution. In the Court's majority opinion, Justice Stevens held "…at least with respect to qualifications imposed by Congress, the Framers intended the qualifications in the Constitution to be exclusive, Id. at 792-793. However, the Court made a point to distinguish the Qualifications Clause with the Elections Clause stating that "…[s]tates are…entitled to adopt 'generally applicable and evenhanded restrictions that protect the integrity and reliability of the electoral process itself'." Id. at 834 (quoting Anderson v. Celebrezze, 460 U.S. 780, 788, n. 9, 103 S.Ct. 1564, 1570, n. 9, 75 L.Ed.2d 547 (1983)). The Court further explained that "[t]he provisions at issue in Storer[v. Brown, 415 U.S. 724, 94 S. Ct. 1274, 39 L. Ed. 2d 714 (1974)] and our other Elections Clause cases were thus constitutional because they regulated election procedures and did not even arguably impose any substantive qualification rendering a class of potential candidates ineligible for ballot position." Id. at 836. In Storer, the Supreme Court of the United States affirmed a decision from the United States District Court for the Northern District of California which concluded that California statutes which required candidates to be politically disaffiliated for at least one year prior to the immediately preceding primary election were constitutional as the statutes served a sufficiently important state interest to sustain their constitutionality and dismissed the complaint. Storer

v. Brown, 415 U.S. 724, 94 S. Ct. 1274, 39 L. Ed. 2d 714 (1974). The Court in Storer stated, "[i]t appears obvious to us that the one-year disaffiliation provision furthers the State's interest in the stability of its political system. We also consider that interest as not only permissible, but compelling and as outweighing the interest the candidate and his supporters may have in making a late rather than an early decision to seek independent ballot status." Id. at 733.

In the present case, the State of Florida similarly has an interest in the stability of its political system with a compelling interest that outweighs the interest Plaintiffs and their supporters may have in making a late rather than early decision to seek ballot status as a particular affiliated party. Plaintiffs both admit in their Complaint they only became aware of the Candidate Oaths Amendment when printing the application to run despite the Candidate Oaths Amendment being effective in May of the prior year, giving Plaintiffs plenty of time to change their party affiliation to comply with such requirement before running for office under their desired affiliation. Plaintiffs simply did not do so and are now arguing retrospectively that this legitimate statute is unconstitutional because of its inconvenience to them.

As such, even if Plaintiffs had standing, Plaintiffs' Complaint should be dismissed as the Candidate Oaths Amendment is constitutional because it does not impose additional qualifications but rather a generally applicable and

evenhanded restriction to protect the integrity and reliability of the electoral process as a matter of law.

**V.     Even if Plaintiffs had Article III Standing, which they do not, the Candidates Oath Amendment does not infringe on Plaintiffs' First Amendment Rights.**

The First Amendment safeguards an individual's right to participate in the public debate through political expression and political association. <u>McCutcheon v. Federal Election Com'n</u>, 134 S. Ct. 1434, 188 L. Ed. 2d 468 (2014). Additionally, it creates a forum in which all may seek, without hindrance or aid from the State, to move public opinion and achieve their political goals. <u>Knox v. Service Employees Intern. Union</u>, Local 1000, 132 S. Ct. 2277, 183 L. Ed. 2d 281 (2012). While the State has a responsibility to observe the limits established by the First Amendment, it also has broad power to regulate the time, place, and manner of elections. <u>State by Butterworth v. Republican Party of Florida</u>, 604 So. 2d 477 (Fla. 1992). In <u>California Med. Ass'n v. Federal Elec Com'n</u>, 453 U.S. 182 (1981), the Court affirmed its decision in <u>Buckley v. Valeo</u>, 424 U.S. 1, 19 (1976), stating that "…[w]hile contributions may result in political expression if spent by a candidate or an association to present views to the voters, the transformation of contributions into political debate involves speech by someone other than the contributor." <u>California Med. Ass'n v. Fed. Elec. Comm'n</u>, 453 U.S. 182, 197, 101 S. Ct. 2712, 2722,

69 L. Ed. 2d 567 (1981) (citing <u>Buckley</u> at 424 U.S., at 21, 96 S.Ct., at 635 (emphasis added) (superseded for other reasons)).

Here, the State of Florida lawfully passed the Candidates Oath Amendment, which merely regulates the time, place, and manner of elections. This regulation does not infringe on Plaintiffs' First Amendment rights as it does not prohibit or curtail their right to participate in the public debate through political expression and political association.

As such, the Candidates Oath Amendment is constitutional as a matter of law as it does not infringe on Plaintiffs' First Amendment rights.

## VI.    No Injunctive Relief

Plaintiffs have brought this action *pro se* seeking injunctive relief against enforcement of the Candidate Oaths Amendment against the Supervisor of Elections.

Plaintiffs have not pled the elements of Standing and as such, Plaintiffs are not entitled to injunctive relief. Such relief is a matter of equity and Plaintiffs seek relief in equity without having alleged their clean hands. "[I]njunctive remedies are equitable in nature, and other equitable defenses may be interposed." <u>Abbott Lab'ys v. Gardner</u>, 387 U.S. 136, 155 (1967), abrogated on other grounds by <u>Califano v. Sanders</u>, 430 U.S. 99 (1977). An injunction directed to the Supervisor of Elections would do nothing to prevent any harm Plaintiffs allege.

Thus, as against the Supervisor of Elections, this Court should deny any request by the Plaintiffs for injunctive relief against the Supervisor of Elections.

## VII. Sovereign Immunity

The Supervisor of Elections is an improper defendant entitled to sovereign immunity from this suit. The Eleventh Amendment prohibits suit against a state in federal court. Pennhurst St. Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984); Ala. v. Pugh, 438 U.S. 781, 782 (1978); Ky. v. Graham, 473 U.S. 159, 167 n.14 (1985); Seminole Tribe of Fla. v. Fla., 517 U.S. 44 (1996); Schopler v. Bliss, 903 F.2d 1373, 1379 n.4 (11th Cir. 1990); § 768.28(19), Fla. Stat. "This express constitutional limitation denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent." Ford Motor Co. v. Dep't of Treasury of St. of Ind., 323 U.S. 459, 464 (1945) (citations omitted), overruled on other grounds by, Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613 (2002). Eleventh Amendment immunity extends to lawsuits against state officials acting in their official capacities. Seminole Tribe of Fla., 517 U.S. 44. The Supervisor of Elections is a state official acting in an official capacity. The Eleventh Amendment bars suit regardless of the relief sought. P. R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 146 (1993). Thus, the nature of the injunctive relief sought by Plaintiffs against the Supervisor of Elections "is irrelevant to the question whether the suit is barred by the Eleventh Amendment."

Seminole Tribe of Fla., 517 U.S. at 58; Pennhurst St. Sch. & Hosp., 465 U.S. at 100. And because Plaintiffs sue for injunctive relief against the Candidate Oaths Amendment, they do not evade Eleventh Amendment immunity, thus claims against the Supervisor of Elections must be dismissed.

Absent consent, waiver, or abrogation, which are not present in this case, the Eleventh Amendment bars suit in federal court against a state. Hans v. La., 134 U.S. 1 (1890); Ford Motor Co., 323 U.S. 459. "'The immunity of the State of Florida and its agencies from liability for claims arising under Florida law or common law is absolute absent a clear, specific, and unequivocal waiver by legislative enactment.' [St., Dep't of Elder Affs.] v. Caldwell, 199 So. 3d 1107, 1109 (Fla. 1st DCA 2016)." There is no abrogation of waiver of Eleventh Amendment immunity. The Supervisor of Elections does not consent to this suit. A lawsuit against a state official is a suit against the State of Florida for Eleventh Amendment purposes and is barred as a matter of law. Will v. Mich. Dep't of St. Police, 491 U.S. 58, 71 (1989). Plaintiffs must allege (but have not) an affirmative causal connection between the defendants' complained of conduct and the alleged constitutional deprivation. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003); Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty., Fla., 956 F.2d 1112, 1124 (11th Cir.), cert. denied, 506 U.S. 832 (1992). Sovereign immunity is the rule not the exception. City of Orlando v. W. Orange Country Club, Inc., 9 So. 3d 1268, 1272 (Fla. 5th DCA 2009). Plaintiffs

sue the Supervisor of Elections in her official capacity, and in essence, the claims against the Supervisor of Elections are claims against the State of Florida precluded by the Eleventh Amendment. <u>Ying Jing Gan v. City of N.Y.</u>, 996 F.2d 522, 529 (2d Cir. 1993); <u>Will</u>, 491 U.S. at 64.

Consequently, this Court lacks subject matter jurisdiction and should dismiss the Complaint and this entire action or drop the Supervisor of Elections with prejudice.

## VIII.  Dismiss with Prejudice – Amendment Futile

The claims Plaintiffs have attempted to assert concerning the Candidate Oaths Amendment cannot be amended to state a viable claim against the Supervisor of Elections. Any amendment of the Complaint by Plaintiffs as to the Supervisor of Elections would be futile. Therefore, the Court should dismiss the Complaint and this entire action or drop the Supervisor of Elections with prejudice. *See* <u>Hollis v. W. Acad. Charter, Inc.</u>, 782 F. App'x 951, 955-56, 958-59 (11th Cir. 2019); *see also* <u>Henry v. Fernandez-Rundle</u>, 773 F. App'x 596, 598 n.3 (11th Cir. 2019) ("A district court may dismiss a complaint without first granting leave to amend if it finds that any such amendment would be futile."); <u>Ladies Mem'l Ass'n, Inc. v. City of Pensacola, Fla.</u>, 2020 WL 5237742 at *8 (N.D. Fla. Sept. 2, 2020).

Based on the foregoing, this Court should grant this Motion to Dismiss and dismiss the Complaint in its entirety or drop the Supervisor of Elections with prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendant requests this honorable court dismiss Plaintiffs' Complaint in its entirety or as to Defendant the Supervisor of Elections as Plaintiffs lack standing, the case is not ripe, Plaintiffs fail to state a cause of action for which relief can be granted, and Defendant is immune from suit under the 11th Amendment and has not waived such immunity.

## **LOCAL RULE 3.01(g) CERTIFICATION**

I HEREBY CERTIFY that the undersigned has conferred with the Plaintiffs by electronic mail on March 1, 2022, in a good faith effort to resolve this Motion to Dismiss by agreement. Plaintiffs oppose this Motion to Dismiss at this time. The undersigned also conferred by electronical mail with counsel for Co-Defendant, Ashley Moody, Attorney General, who does not object to the filing of this Motion to Dismiss. As of the time of the filing of this Motion to Dismiss, the undersigned was unable to obtain Co-Defendant, Secretary of State, Laurel M. Lee's position on this Motion, and will update the Court accordingly.

Respectfully submitted,

*/s/ Deborah L. Moskowitz*
**DEBORAH L. MOSKOWITZ, ESQ.**

Florida Bar No. 0119563
MARIA SALOME BREEN, ESQ.
Florida Bar No. 1025936
255 South Orange Avenue, Suite 900
Orlando, FL  32801
407-872-6011 Tel.
407-872-6012 Fax
dmoskowitz@qpwblaw.com
dlmteam@qpwblaw.com
dmoskowitzpleadings@qpwblaw.com
maria.breen@qpwblaw.com
*Attorneys for Defendant, Lori Scott, Supervisor
of Elections for Brevard County, Florida*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 1st day of March, 2022, a true and correct copy of the foregoing was served to all counsel of record through the Court's CM/ECF system, which will serve an electronic copy of the foregoing document to:

Andrew S. & Danelle L. Dodge
395 Harbor Drive
Cape Canaveral, Florida 32920-2010
dodgea@totalrecallinc.com
Plaintiffs, *pro se*

Ashley E. Davis
Deputy General Counsel
Florida Department of State
R.A. Gray Building
500 South Bronough Street, Suite 100
Tallahassee, Florida 32399-0250
ashley.davis@dos.myflorida.com
stephanie.buse@dos.myflorida.com
*Attorneys for Defendant, Secretary of State, Laurel M. Lee*

Charles J. F. Schreiber, Jr.
Senior Assistant Attorney General
Office of the Attorney General
State Programs Litigation Bureau
The Capital PL-01
Tallahassee, Florida 32399-1050
charles.schreiber@myfloridalegal.com
*Attorney for Defendant, Ashley Moody, Florida Attorney General*

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

_/s/ Deborah L. Moskowitz_
**DEBORAH L. MOSKOWITZ, ESQ.**