UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREW S. DODGE and DANELLE L. DODGE,

        Plaintiffs,

v.    Case No: 6:22-cv-221-WWB-DCI

LAUREL M. LEE, ASHLEY MOODY and LORI SCOTT,

        Defendants.

REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **DEFENDANT FLORIDA ATTORNEY GENERAL ASHLEY MOODY'S MOTION TO DISMISS (Doc. 13)** |
| **FILED:** | **February 24, 2022** |
| **MOTION:** | **DEFENDANT SUPERVISOR OF ELECTIONS LORI SCOTT'S MOTION TO DISMISS (Doc. 15)** |
| **FILED:** | **March 1, 2022** |
| **MOTION:** | **DEFENDANT FLORIDA SECRETARY OF STATE LAUREL M. LEE'S MOTION TO DISMISS (Doc. 16)** |
| **FILED:** | **March 2, 2022** |
| **MOTION:** | **PARTIES' JOINT MOTION TO POSTPONE PLANNING CONFERENCE DISCLOSURES, CASE MANAGEMENT REPORT, AND ASSOCIATED DEADLINES PENDING THE COURT'S DECISION ON MOTIONS TO DISMISS (Doc. 20).** |
| **FILED:** | **March 14, 2022** |

It is **RECOMMENDED** that Defendants' Motions (Docs. 13, 15, 16) be **GRANTED in part** and the Joint Motion (Doc. 20) be **DENIED as moot**.

I. **Background**

Andrew S. Dodge and Danelle L. Dodge (Plaintiffs), proceeding *pro se*, initiated this case by filing a civil complaint pursuant to 42 U.S.C. § 1983 against Defendants Laurel M. Lee (Lee), Ashley Moody (Moody), and Lori Scott (Scott). Doc. 1. Plaintiffs allege that a Florida law requiring candidates to take an oath regarding the candidate's registered membership in a political party violates the United States and Florida Constitutions. *Id*. Plaintiffs request preliminary and permanent injunctive relief. *Id*.

Pending before the Court are the Defendants respective Motions to Dismiss (Docs. 13, 15, 16) (collectively, the Motions to Dismiss) and the Parties' Joint Motion to Postpone Planning Conference Disclosures, Case Management Report, and Associated Deadlines Pending the Court's Decision on the Motions to Dismiss. Doc. 20 (the Motion to Stay). Plaintiffs have filed a Response in opposition to the Motions to Dismiss. Doc. 19 (the Response).

For the reasons stated in this report, the undersigned recommends that Plaintiff Danelle Dodge's claim be dismissed as moot, the Motions to Dismiss be granted in part, and the Parties' Motion to Stay be denied as moot.

II. **Standard of Review**

Defendants Moody and Scott move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 8(a)(2), 10(b), 12(b)(1), and 12(b)(6). Docs. 13, 15. Defendant Lee separately moves to dismiss pursuant to Rule 12(b)(6) for failure to state a claim.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007).  Further, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).

"A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading."  *Luft v. Citigroup Global Markets Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015) (internal quotation marks omitted).  There are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts;" 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which.  *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).  "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id.* at 1323.

In addition, a motion under Rule 12(b)(1) challenges the Court's subject matter jurisdiction.  "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case."  *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).  It is presumed that a federal court lacks jurisdiction in a case until the plaintiff shows the court has jurisdiction over the subject matter.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may attack subject matter jurisdiction under Rule 12(b)(1) in two ways—a facial attack or a factual attack.  *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).  "A 'facial attack' on the complaint 'require(s) the court merely to look and see if (the) plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are

taken as true for the purposes of the motion.'" *Id.* (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

As will be discussed, the undersigned finds that the Complaint here is a shotgun pleading that fails on its face to support an exercise of the Court's subject matter jurisdiction.

### III. Allegations in the Complaint

In sum, Plaintiffs allege that SB90, Laws of Florida, ch. 2021-11, section 12, which includes Florida Statutes section 99.021(2) (hereafter, the Candidate Oaths Amendment), unconstitutionally bars Plaintiffs from the right to run for office because Plaintiffs changed or will change affiliations within the 365-day period. Doc. 1 at 5.

Section 99.021 states, in part, the following:

> (1)(a)(2) Each candidate for federal office, whether a party candidate, a candidate with no party affiliation, or a write-in candidate, in order to qualify for nomination or election to office shall take and subscribe to an oath or affirmation in writing. ...
>
> (b) In addition, any person seeking to qualify for nomination as a candidate of any political party shall, at the time of subscribing to the oath or affirmation, state in writing:
>
>> 1. The party of which the person is a member.
>> 2. That the person has been a registered member of the political party for which he or she is seeking nomination as a candidate for 365 days before the beginning of qualifying preceding the general election for which the person seeks to qualify.
>> 3. That the person has paid the assessment levied against him or her, if any, as a candidate for said office by the executive committee of the party of which he or she is a member.
>
> (c) In addition, any person seeking to qualify for office as a candidate with no party affiliation shall, at the time of subscribing to the oath or affirmation, state in writing that he or she is registered without any party affiliation and that he or she has not been a registered member of any political party for 365 days before the beginning of qualifying preceding the general election for which the person seeks to qualify.

Fla. Stat. § 99.021(1)(a)(2), (b), (c).

- 4 -

The Complaint is Form Pro Se 2, Complaint and Request for Injunction. In the Complaint, Plaintiffs include no numbered claims for relief.[1] Instead, after explaining their understanding of the Candidate Oaths Amendment, Plaintiffs make the following factual allegations:

> Andrew Dodge changed his affiliation in November so this would mean he has no right to run for the US Congressional District #8 under Florida Law. Danelle Dodge does have an affiliation so that she can vote in the primary, but would like to run as an independent, which also is not possible according to the Florida State Law, meaning her only course of action is to run as a Democrat who she does not feel currently reflects her values any longer. Florida has made the SB90 Oath as a requirement officially sign up as a candidate let alone to qualify to even be on the ballot.

Doc. 1 at 5. Plaintiffs then assert as follows:

> This curtails our freedom of speech and the ability to run for public office to represent our fellow Americans. However more basically this eliminates our right to a government of the people, by the people and for the people. How can we be a democracy if we have no right to run in an election. This impacts us as all voting material from the county and state makes clear this 365 day requirement, and indicates we will not be on the general election ballot if we do not make this affirmation in front of the officer when we petition for out names to be included. In fact this is the first form to file to qualify. This forces us into a position of perjury in order to excersice [sic] our constitutional right to run for a political office and or chills the possible voters and funding we receive if voters and donors believe we will not be on the ballot due to this state law.

*Id*. Later, in response to the query, "What are the facts underlying your claims?", Plaintiffs include five numbered paragraphs that cite the United States Constitution, *U.S. Term Limits, Inc. v.*

---

[1] The Form states as follows:

> Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. **State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiffs rights**, including the dates and places of that involvement or conduct. **If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.** Attach additional pages if needed.

Doc. 1 at 4 (emphasis added).

*Thornton*, 514 U.S. 779, 828-29 (1995), and the Oaths Amendment Act. Doc. 1 at 5-6. This section also contains some rhetorical questions. *Id*. at 6.

In relation to their requests for injunctive relief, Plaintiffs allege irreparable injury as follows:

> It is impossible to run for office and take the position if you are not on the ballot or counted when the vote is tallied [sic]. Recruiting donors and voters becomes irreparably impossible when you cannot assure anyone you will be on the ballot due to this required technicality. Once the ballots are printed there is a very clear disadvantage to anyone not on the ballot because they did not meet this unconstitutional law. Furthermore most would not start their candidacy because they do not want to perjure themselves. Florida goes further and even requires write-in candidates to take an oath. This has already infringed on our ability to file the required paperwork for candidacy.

Doc. 1 at 6. Plaintiffs request several preliminary and permanent injunctions in the section titled, "Relief." *Id*. at 6-7.

There are no factual allegations in the Complaint naming any Defendant—whether by name or position—or asserting that any Defendant took any action to harm Plaintiffs or could take any action to remedy Plaintiffs' alleged injuries.

### IV. Discussion

#### a. Plaintiff Danelle Dodge's Claim

Before addressing the arguments raised in the Motions to Dismiss, the undersigned finds that Plaintiff Danelle Dodge's claim appears to be moot based on her representations to the Court in the Response. Article III of the United States Constitution grants federal courts jurisdiction over "cases" and "controversies." *Strickland v. Alexander*, 772 F.3d 876, 882 (11th Cir. 2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). This limitation "imposes what are generally referred to as 'justiciability' limitations." *Id*. (citing *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir. 1998)). Justiciability

is concerned with standing, ripeness, and mootness. *Id.* (citing *Leahy*, 145 F.3d 1244). "The failure of any one of these strands can deprive a federal court of jurisdiction." *Id.* at 883.

The Supreme Court has observed the similarities between standing and mootness, explaining that "the doctrine of mootness can be described as 'the doctrine of standing set in a time frame: [t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43 at 68 n.22 (1997)). Thus, "after a case is filed, if something subsequently occurs such that there is no longer a live controversy, then the case or portion thereof becomes moot." *Cicero v. Liberty Mut. Ins. Co.*, 2016 WL 6571235, at *4 (M.D. Fla. Jan. 7, 2016).

Despite Plaintiffs' allegation that the Florida statute curtails their ability to run for public office, the Response reveals that Plaintiff Danelle Dodge is currently "running for a federal position." Doc. 19 at 12, 13. Indeed, the Florida Department of State's website reflects that Plaintiff Danelle Dodge is on the ballot as a candidate for the 2022 General Election and is running for United States Representative, District 8, as a Democrat. *See Candidate Tracking System, Florida Department of State, Division of Elections, available at* https://dos.elections.myflorida.com/candidates/CanDetail.asp?account=80051 (last visited June 22, 2022). Plaintiff Danelle Dodge filed the Complaint on or about February 4, 2022—asserting that she could not run for that congressional seat due to the Candidate Oaths Amendment. Doc. 1. But she declared her candidacy about twelve days later, on February 16, 2022. *See Candidate Tracking System, Florida Department of State, Division of Elections, available at* https://dos.elections.myflorida.com/candidates/CanDetail.asp?account=80051 (last visited June 22, 2022). Then, on June 9, 2022, Plaintiff Danelle Dodge completed the Candidate Oath required

by the Candidate Oaths Amendment, asserting that she is a member of the Democratic Party and has been for the last 365 days. *See id.*

As such, the undersigned recommends that Plaintiff Danelle Dodge's claim fails the mootness prong of justiciability and, therefore, deprives the Court of jurisdiction. Dismissal is not discretionary but "is required because mootness is jurisdictional. Any decision on the merits would be an impermissible advisory opinion." *Troiano v. Supervisor of Elections*, 382 F.3d 1276, 1282 (citing *Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001)).

But even if the Court ultimately finds that Plaintiff Danelle Dodge's claim is not moot, the undersigned still recommends that all the claims in the Complaint are due to be dismissed because of another justiciability limitation. Namely, Plaintiffs have not shown standing to challenge the Florida statute.

### b. Defendants' Motions to Dismiss (Docs. 13, 15, 16)

Defendant Moody, the Florida Attorney General, argues that Plaintiffs' claims are subject to dismissal because Plaintiffs fail to allege and cannot show: (1) that Defendant Moody caused their injuries; (2) that any threatened injury is certainly impending; or (3) that Defendant Moody has the power to redress the alleged injury. Doc. In other words, Plaintiffs have not established standing and, therefore, the Court lacks jurisdiction. Defendant Scott, Supervisor of Elections in Brevard County, joins in this argument. Doc. 15. While Defendant Lee, Florida Secretary of State, did not raise this argument, the undersigned addresses *sua sponte* the issue of standing with respect to Defendant Lee because federal courts have an independent obligation to ensure that subject matter jurisdiction exists before reaching the merits of a dispute. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998) ("For a court to pronounce upon . . . the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition,

for a court to act ultra vires."). If at any point a federal court discovers a lack of jurisdiction, it must dismiss the action. *See MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1357 (11th Cir. 2016).

> For constitutional standing to challenge the statute, Plaintiffs must show:
>
> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.
>
> Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.
>
> Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotations and citations omitted, paragraph breaks added). "In plainer language, the plaintiff needs to show that the defendant harmed him, and that a court decision can either eliminate the harm or compensate for it." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924 (11th Cir. 2020). "Where. . . a case is at the pleading stage, the plaintiff must clearly . . . allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quotation omitted).

As argued by Defendants Moody and Scott, Plaintiffs fail to allege that Defendants caused any traceable, particularized injury concerning the Candidate Oaths Amendment or to allege that Defendants can remedy the alleged injury. Docs. 13, 15. This deficiency is exacerbated by the shotgun nature of the pleading. Particularly, Plaintiffs' constitutional claim does not specify which allegations apply to which Defendant. Indeed, as Defendant Moody accurately contends, other than her name appearing in the case caption, the Complaint contains no mention of her by her

name or by her position as Attorney General. *See* Doc. 1; Doc. 13 at 3. The same is true for Defendants Lee and Scott. Doc. 1.[2]

As such, even a liberal construction of the pleading does not reveal how the request for injunctive or declaratory relief redresses any harm traceable to the respective Defendants. "When a state law makes *one* state official responsible for the challenged action, plaintiffs lack standing to sue *another, independent* state official for that action." *Claire v. Fla. Dep't of Mgmt. Servs.*, 504 F.Supp.3d 1328, 1332 (N.D. Fla. 2020) (citing *Jacobson v. Fla. Sec'y of State*, 957 F.3d 1193, 1254 (11th Cir. 2020) (emphasis in the original); *see also BBX Capital v. Fed. Deposit Ins. Corp.*, 956 F.3d 1304, 1312 (11th Cir. 2020) ("[w]henever a party is "dragged into court," the plaintiff must allege that the defendant's "action or inaction caused the plaintiff's alleged injury.")

Since Plaintiffs do not specify how the allegations, injury, or remedy relate to any of the Defendants, the undersigned cannot ascertain which official is potentially responsible, if any. For example, Defendant Scott argues that an injunction directed to her as the Supervisor of Elections would do nothing to prevent any harm Plaintiffs allege. Doc. 15 at 17. Indeed, any such allegation is absent from the Complaint.

In sum, Plaintiffs fail to allege that any harm suffered was traceable and is likely to be addressed by a favorable judicial decision against any of the Defendants due to the shotgun nature of the Complaint and, therefore, the undersigned recommends that the Complaint is due to be dismissed for lack of subject matter jurisdiction. Even so, the undersigned does not agree with Defendants that amendment at this juncture is futile.[3] It might be that if Plaintiffs are permitted to

---

[2] Even though Plaintiffs refer to the "state of Florida" throughout the Complaint, the undersigned does not assume that these allegations are directed at any particular Defendant.
[3] Plaintiffs seem to argue in the Response that their injury is traceable to Defendants Lee and Moody simply because of those Defendants' duty to uphold or enforce the law as the Attorney

amend to make factual allegations concerning injury and the Defendants' duties or ability to enforce the law (as they seem to want to do based on the Response), perhaps Plaintiffs' can establish traceability or redressability, and a particularized, concrete injury. The undersigned cannot tell based on the pleading and the arguments made by the parties.

Based on the recommendation that standing does not exist, but amendment is appropriate because the Complaint is a shotgun pleading, the undersigned has not reached Defendants' alternative arguments regarding Eleventh Amendment immunity or the merits of the constitutional challenge. Specifically, the undersigned notes that Defendant Lee submits a one-page request for dismissal pursuant to Rule 12(b)(6) based on the argument that the Supreme Court has rejected Plaintiffs' constitutionality claim. Doc. 16 (citing *Storer v. Brown*, 415 U.S. 724 n.16 (1974); *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 828-29 (1995)). Defendant Lee may be correct that *Storer* and its progeny do not support Plaintiffs' claim, but the undersigned recommends that the Court should avoid making a merits determination at a moment when subject matter jurisdiction is lacking.

### V. Conclusion

In sum, the undersigned ultimately recommends that the Complaint be dismissed as moot as to Plaintiff Danelle Dodge and dismissed with leave to re-plead as to Plaintiff Andrew Dodge.

---

General and the Secretary of State. Doc. 19. That rationale does not appear to be an adequate basis to establish standing. *See Gustino v. Stoneybrook West Master Ass'n*, 842 Fed. Appx. 323, 2021 WL 21758, at *4 (11th Cir Jan. 4, 2021) (rejecting the theory of traceability that would allow a plaintiff to sue the Attorney General without showing she caused the injury and finding that the plaintiff did not establish causation by arguing that the Attorney General has a duty to protect his constitutional rights because the theory "proves entirely too much—and thus nothing at all") ((quoting *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1299 (11th Cir. 2019)); *see also Jacobson*, 957 F.3d at 1207-09 (holding that the Florida Secretary of State's position as Florida's chief election officer, charged with general supervision and administration of election laws, was insufficient to establish standing in lawsuit seeking to void Florida's statewide ballot order statute).

A *pro se* plaintiff must generally be given one chance to amend a complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted). Thus, given that the shotgun nature of the Complaint frustrates judicial review, the undersigned finds that Plaintiff Andrew Dodge should be given an opportunity to amend the Complaint.

Finally, the analysis herein concerning Plaintiff Andrew Dodge's claim applies equally to Plaintiff Danelle Dodge's claim. So, if the Court disagrees that Plaintiff Danelle Dodge's claim is moot, the undersigned alternatively recommends that Plaintiff Danelle Dodge's claim be dismissed with leave to re-plead.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff Danelle Dodge's claim be **DISMISSED as moot**;
2. Defendants' Motions to Dismiss (Docs. 13, 15, 16) be **GRANTED in part** to the extent that the Complaint be **DISMISSED without prejudice** with leave to amend by a date certain as to Plaintiff Andrew Dodge. The remainder of the Motions (Docs. 13, 15, 16) be **DENIED without prejudice**; and
3. the Joint Motion to Stay Pending Decision on Motions to Dismiss (Doc. 20) be **DENIED as moot**.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-

to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

      Recommended in Orlando, Florida on June 27, 2022.

DANIEL C. IRICK<br>
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy